**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 30 2013, 7:36 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD S. EDWARDS**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BILLY RAY MEAD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1301-CR-33 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1007-FB-1611

**July 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

The trial court revoked Billy Ray Mead's probation and ordered him to serve his previously suspended five-year sentence in the Indiana Department of Correction, with credit for time served. Mead argues that the trial court should have ordered him to serve a portion of his sentence on community corrections. Finding no error, we affirm the trial court.

**Facts and Procedural History**

In 2010, Mead pled guilty to Class C felony possession of methamphetamine and Class D felony resisting law enforcement. He also admitted to violating the terms of his probation in an unrelated case. On the Class C felony charge, the trial court sentenced Mead to a six-month direct placement in the Southern Indiana Forensic Diversion Program, an eighteen-month direct placement with Bartholomew County Community Corrections ("BCCC"), and a five-year suspended sentence in the Indiana Department of Correction. On the Class D felony charge, the trial court sentenced Mead to a two-year jail sentence, with 197 credit days. The trial court placed Mead on probation for seven years effective after the Southern Indiana Forensic Diversion Program and the direct placement with BCCC. These sentences were to run consecutively.

In February 2012, the probation department filed a petition to revoke probation alleging that Mead had failed to pay probation fees. While this petition was pending, the State filed a petition to revoke probation alleging that Mead violated probation by using methamphetamine in October 2012. During the evidentiary hearing, Mead admitted to using methamphetamine in October 2012 and owing fees. Tr. p. 55-57.

At the dispositional hearing, the court considered Mead's extensive criminal history and his several opportunities for treatment outside penal facilities to be aggravating factors. Mead testified that he recognized his substance-abuse problem and asked to be placed in community corrections. Mead's mother testified that Mead slipped into old patterns of poor judgment while on probation, and his probation officer recommended that he execute the remainder of his sentence. The trial court revoked Mead's probation and ordered him to serve his five-year suspended sentence for possession of methamphetamine in the DOC and recommended substance-abuse treatment during incarceration. Mead filed a motion to correct error and to correct erroneous sentences, which the trial court denied. Mead now appeals.

**Discussion and Decision**

Mead argues that the trial court abused its discretion when it ordered him to serve his entire previously suspended sentence, with credit for time served. We disagree.

Once a trial court has exercised its grace by ordering probation rather than incarceration, "the judge should have considerable leeway in deciding how to proceed." *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). If this discretion were not given to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation. *Id.* Accordingly, a trial court's sentencing decision for a probation violation is reviewable using the abuse-of-discretion standard. *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* If a trial court finds that a person has violated his probation before

3

termination of the period, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. Ind. Code § 35-38-2-3(g).

In this case, we find that Mead's criminal history and likelihood of reoffending sufficiently support the trial court's decision to order execution of the previously suspended five-year sentence. When imposing Mead's probation-revocation sentence, the trial court cited his extensive criminal history, past probation violations, and past opportunities for substance-abuse treatment outside a penal facility. Tr. p. 80-82. Mead has had eight convictions, including four felonies. *Id*. at 75. The conviction for resisting law enforcement came after he led officers on a 100-mph chase on public roads while having methamphetamine in his system. *Id*. at 29-31. The courts have offered Mead several substance-abuse treatment programs without sustained success in 1991, 2000, 2001, and 2011. *Id*. at 80. The court also considered Mead's mother's testimony about his backslide into old patterns of behavior and associations while on probation. *Id*. at 72. The trial court stated:

> The recommendation is that he should serve his sentence because Mr. Mead at some point, programs become a joke. . . . [P]eople keep violating, violating and violating, and they don't get the consequence. . . . . It's as though everybody comes to understand, oh well, I can violate and oh, they are just going to put me back in the program. . . . . But your mother noted that oh, you started to associate with these two other individuals and then she saw a change in you and your attitude. So this wasn't just a one[-]time slip. This was Billy Mead falling back into his old ways. Regardless of how you want to portray it.

*Id*. at 80-81.

4

Mead's sole argument on appeal is that "Community Corrections placement of [Mead] for a portion of his executed sentence imposed for the violation . . . would permit [him] to reestablish his employment while getting further treatment and monitoring and would arguably be more appropriate." Appellant's Br. p. 10. We cannot agree. Mead has a significant criminal history and failed to take advantage of the alternative sentencing opportunity previously afforded to him. As the trial court aptly noted, programs become "a joke" at some point if there are not any consequences. Tr. p. 80-81. The trial court did not abuse its discretion in ordering Mead to serve his entire previously suspended five-year sentence.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.